## HATCH v. JUDD.

Referee: APPOINTMENT OF. An order of the District Court, appointing a referee in an equity case triable by the first method, to whom the same is referred, is so essentially a matter of practice, so preliminary in its nature, and so much in the discretion of the court, that it will not be disturbed without some substantial prejudice is shown to the party complaining.

*Appeal from Black Hawk District Court.*

FRIDAY, DECEMBER 20.

PRACTICE: APPOINTMENT OF REFEREES. — Petition in equity to settle partnership accounts between the parties. The court appointed J. S. George, Esq., a referee, " to take the proofs and report on the whole issue." The entry recites that this was done by consent. This is denied by the uncontradicted affidavit of the defendant's attorney, who states, that he never consented to the appointment, and did not know of the same until after the term had closed.

The referee thus appointed acted during vacation, took the testimony produced by both parties, heard them, and made a report in favor of the plaintiff. Defendant moved to set aside the reference, alleging objections to the referee. This motion was refused, but the court " ordered that the testimony and report of the referee (J. S. George, Esq.), be referred to H. C. Hemenway, Esq., to report upon the whole issue."

To this order the plaintiff excepted.

And the making of this order is the error assigned by the plaintiff, who appeals.

*Trumbull & Ordway* for the appellant.

*Boies & Allen* for the appellee.

Reed v. King and King.

DILLON, J. — The cause is in equity, triable by the *first* method. The testimony taken by the first referee is not brought up. The second referee has not reported, or if he has, his report is not embraced in the record. No final decree has been made. The action complained of is so essentially a matter of practice, so preliminary in its nature, and so much in the discretion of the court, that it cannot successfully be assigned as error, without some substantial prejudice is shown. No such prejudice is made to appear. In equity cases triable by the first method, the report of the referee has no conclusive or binding force, inasmuch as the reference is merely " to inform the conscience " of the chancellor, who may accept or reject the finding of the referee and render such judgment as he considers equitable. Rev. § 2999, clause 2.

*REFEREE: appointment of.*

The second referee may report the same as the first referee, or more favorably or less favorably to the plaintiff.

If the same as the first referee, or if more favorably to the plaintiff, the latter would have no ground of complaint.

If less favorably to the plaintiff, the courts may reject it and adopt the report of the first referee.

It may reject both reports and " render such judgment as it considers equitable."

No substantial error to appellant's prejudice appearing, the ruling appealed from is

Affirmed.